IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIRK BUTLER, #285866  \*
      Plaintiff
                                   \*

      v.                                    CIVIL ACTION NO. AW-06-1540
                                   \*

SECURUS T-NETIX,
      Defendant                       \*
                                \*\*\*\*\*\*

## **MEMORANDUM**

The Court is in receipt of Plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983 wherein he states that in July of 2005, he became aware that $145.00 in unauthorized calls had been made on his prepaid phone card.[1]  Paper No. 1.  He states that the stress in attempting to resolve the unauthorized use of his card resulted in his suffering from depression, for which he has received psychiatric care.  *Id*. Plaintiff seeks leave to proceed in forma pauperis which shall be granted.

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986).  The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[2] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[3]  Thus, the Complaint presented here

---

[1] The instant complaint is virtually the same as that filed by Plaintiff and previously dismissed by this Court.  *See Butler v. Stouffer*, CCB-06-515  (D.Md. 2006).

[2] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[3] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under § 1915(e) or under F.R.Civ.P. 12(b)(6). This dismissal constitutes Plaintiff's second strike under § 1915(e).

A separate Order follows.


July 10, 2006                                             /s/
Date                                             Alexander Williams, Jr.
                                                 United States District Judge